UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Netherlands Insurance Company,         )
                    Plaintiff    )
                                  )
v.                                                         )   Case No. 10-4043
                                  )
National Casualty Company, et al,      )
                    Defendants  )

**ORDER**

Now before the Court is the Renewed Motion to Compel (#147) filed by National Casualty Company. The motion is fully briefed, and I have carefully considered the arguments of the parties. As stated herein, the motion is denied.

I. DISCUSSION

On April 27, 2012, this Court entered an Order (Doc. #145) denying National Casualty's motions to compel in their entirety. In this Renewed Motion to Compel, National Casualty challenges two "factual grounds" on which it asserts the Court based that Order: that there was no contractual duty between it and the other insurers and parties involved in this dispute, and that no common interest existed between it and the other insurers and parties involved in this dispute. The responding parties assert that this motion is actually a motion to reconsider the prior Order. I agree.

The "factual grounds" with which National Casualty takes issue are not actually factual. Whether a duty existed or a common interest existed are legal conclusions drawn from the facts that are before the Court. The relief sought by National Casualty is correction of what it contends was an error of those legal conclusions. "Motions for reconsideration serve a limited function: to correct

manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit v CBI Industries*, 90 F3d 1264, 1269 (7th Cir 1996).

Movant asserts that because these "factual" matters were not raised by any party or presented to the Court prior to the Order, this is not a motion to reconsider. This is simply incorrect. The Court ruled on motions to compel the precise information being sought here. National Casualty challenges the correctness of that ruling and here asserts additional factual information that it contends the Court should consider in reviewing those legal conclusions. This is nothing if it is not a motion to reconsider.

It is not appropriate to argue matters in a motion to reconsider that could have been raised in prior motions or rehash previously rejected arguments. Id at 1270. See also, *In re Ray*, 597 F3d 871 (7th Cir 2010). "Motions for reconsideration do not provide a vehicle for a party to introduce new evidence or legal theories that could have been presented earlier." *Caisse Nationale*, 90 F.3d at 1269, quoted in *Jolly Group, Ltd. v Medline Industries, Inc.*, 435 F3d 717, 720 (7th Cir 2006).

Our sister Court in the Northern District has noted that such motions are "rarely appropriate" and should only be presented when law or facts change significantly after the issue has been presented; when the court has "patently misunderstood a party;" when the court has made a decision outside the adversarial issues presented; or when the court has made an error "not of reasoning but of apprehension." *Newsome v. James*, 2000 WL 656680 at *1 (ND Ill), cting *Bank of Waunakee v Rochester Cheese Sales,* 906 F 2d 1185, 1191 (7th Cir 1990). See also, *Rotthwell Coton Co. v. Rosenthal & Co.*, 827 F2d 246, 251 (7th Cir 1987).

While this Court has inherent authority to reconsider its prior interlocutory decisions, *Moses H. Cone Memorial Hospital v Mercury Construction Corp.*, 460 US 1, 12 (1983); *Sims v EGA*

*Products Inc*., 475 F3d 865, 870 (7th Cir 2007), there is nothing about the posture of this case that requires it to do so. Accordingly, the "renewed" motion to compel is DENIED.

## II. CONCLUSION

The Renewed Motion to Compel (#147) is DENIED for the reasons stated above.

Also pending in this case are two motions relating to the schedule of the case (#129 and 165). Those motions are set for telephone hearing on November 29, 2012 at 11:00 AM (Court will set up the call).

ENTER this 6th day of November, 2012

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE