IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

NETHERLANDS INSURANCE COMPANY,      )
                                    )
              Plaintiff,            )
                                    )
v.                                  )        No. 4:10-cv-04043-SLD-JEH
                                    )
JACK D. KNIGHT, et al.,             )
                                    )
              Defendants,           )
_____)
NATIONAL CASUALTY COMPANY,          )
                                    )
              Defendant/Counter-Plaintiff,      )
                                    )
v.                                  )
                                    )
NETHERLANDS INSURANCE COMPANY,      )
et al.,                             )
                                    )
              Plaintiff/Counter-Defendants,      )
_____)
SMITHWAY MOTOR XPRESS, INC., and    )
DEAN L. BECKLER,                    )
                                    )
              Defendants/Counter-Plaintiffs,      )
                                    )
v.                                  )
                                    )
NETHERLANDS INSURANCE COMPANY,      )
et al.,                             )
                                    )
              Plaintiff/Counter-Defendants,      )
_____)
CONTINENTAL INSURANCE COMPANY,      )
                                    )
              Defendant/Cross-Defendant,      )
                                    )
v.                                  )
                                    )
NETHERLANDS INSURANCE COMPANY,      )

1

et al.,                                    )
                                           )
            Plaintiff/Counter-Defendants,  )
_____)
DISCOVER PROPERTY & CASUALTY               )
COMPANY,                                   )
                                           )
            Third Party Defendant,         )
                                           )
v.                                         )
                                           )
NATIONAL CASUALTY COMPANY,                 )
                                           )
            Defendant/Cross-Defendant.     )
_____)

## ORDER

This case is about how to apportion the cost of settling two underlying personal injury lawsuits. Before the Court are National Casualty Company's ("National Casualty") Motion to Seal Confidential Settlement Amounts, ECF No. 247, and Smithway Motor Xpress, Inc. ("Smithway Motor Xpress") and Dean Beckler's Motion to Join National Casualty's Motion to Seal, ECF No. 248. For the reasons set forth below, the Court GRANTS the Motion to Join, ECF No. 248, and DENIES the Motion to Seal, ECF No. 247.

## BACKGROUND

On November 15, 2011, the Court granted National Casualty's joint motion to seal certain documents. Order, Nov. 15, 2011, ECF No. 98. The grounds for the motion were that the documents "include[d] references to a settlement agreement that the signatories (including the parties in this case) had agreed was confidential." *Id.* at 1. The Court cautioned the parties that "when the substantive legal issues in this case are before the Court for resolution, it may not be possible for the specific terms and provisions of the underlying settlement agreement to

remain confidential." *Id.* Citing several cases, the Court explained that "the Seventh Circuit has repeatedly held [that] documents that influence or underpin a judicial decision are open to public inspection unless they are trade secrets or some other document type that has been accorded 'bona fide long-term confidentiality' by law." *Id.* At that time, however, the Court directed the Clerk to seal the documents, and directed the party that filed each document to file redacted versions. *Id.* at 1–2. "Whether [the information] may be unsealed at a later time," the Court indicated, would be an issue the parties would be directed to address "at the appropriate time." *Id.* at 2.

Now that the Court has resolved the parties' cross-motions for summary judgment, Order, March 31, 2014, ECF No. 245, it is time to resolve whether the documents in this case will be unsealed.

## DISCUSSION

### I. Legal Framework for Sealing

The record of a judicial proceeding is public, as a general rule. *Jessup v. Luther*, 277 F.3d 926, 927 (7th Cir. 2002). The public often has an interest in the issues such records concern, in which case "concealing the records disserves the values protected by the free-speech and free-press clauses of the First Amendment." *Id.* at 928. Concealing records also reduces the public's ability to monitor judicial performance. *Id.* Moreover, judicial proceedings are public property, "and the third-party effects that justify the subsidy of the judicial system also justify making records and decisions as open as possible." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) (citations omitted). Therefore, parties "must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials" when

they call upon the courts. *Id.* "[M]any litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, but when these things are vital to claims made in litigation they must be revealed." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002). Exceptions to this rule are limited: "[w]hen there is a compelling interest in secrecy, as in the case of trade secrets, the identity of informers, and the privacy of children, portions and in extreme cases the entirety of a trial record can be sealed." *Jessup*, 277 F.3d at 928; *see also Baxter Int'l*, 297 F.3d at 546 ("[V]ery few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed.").

Here, the parties seek to seal settlement amounts and each participant's contribution to the settlement in the underlying tort case. This information is vital to the dispute. As National Casualty's Motion states, the parties to this case "seek rulings regarding the ultimate financial responsibility for the settlement of an underlying tort case." Mot. Seal ¶ 1, ECF No. 247. Therefore, the settlement amounts and each participant's contribution to the settlement "must be revealed" unless the parties demonstrate that an exception applies. *See Baxter Int'l*, 297 F.3d at 547.

## II. Confidentiality Agreements

The moving parties' stated reason for sealing certain figures—because the settlement agreement in the underlying tort case contains a confidentiality clause—is clearly inadequate. Where requests to seal proceedings are made solely "to implement the parties' preference for seclusion," such as where the request is premised solely on a confidentiality agreement, they have been "uniformly rejected." *Union Oil*, 220 F.3d at 568. In *Union Oil*, the Seventh Circuit explained that "[c]alling a settlement confidential does not make it a trade secret, any more than

calling an executive's salary confidential would require a judge to close proceedings if a dispute erupted about payment (or termination)." 220 F.3d at 567. Two years later, the Court elaborated:

> A settlement agreement is a contract, and when parties to a contract ask a court to interpret and enforce their agreement, the contract enters the record of the case and thus becomes available to the public, unless it contains information such as trade secrets that may legitimately be kept confidential. . . . Now that the agreement itself has become a subject of litigation, it must be opened to the public just like other information (such as the wages paid to an employee, or the price for an architect's services) that becomes the subject of litigation.

*Herrnreiter v. Chi. Hous. Auth.*, 281 F.3d 634, 636–37 (7th Cir. 2002). In other words, the correct "judicial response to the initiation of litigation that reveals information subject to contractual confidentiality is not specific performance of the confidentiality agreement," *Baxter Int'l*, 297 F.3d at 548. Rather, "if initiating litigation about the agreement (or causing such litigation to be initiated) amounts to a breach of the confidentiality clause, then any party who can demonstrate damages because of the disclosure may obtain them in a separate action." *Herrnreiter*, 281 F.3d at 637.

In *Union Oil*, the "proffered justification [for a seal was] that the parties agreed to keep their settlement confidential, and that 'Unocal should not be forced to sacrifice that benefit of the bargain.'" *Union Oil*, 220 F.3d at 567. Likewise, here, National Casualty argues that the seal is warranted because the signatories to the Settlement Agreement "bargained for the confidentiality provision that prohibits the disclosure of that information to the public," *id.* at ¶ 5, and not all of the signatories are parties to this case. It is irrelevant whether all of the signatories to the confidentiality clause are parties to this case. Both party and non-party signatories' sole recourse for any perceived breach of the confidentiality agreement is the same: a separate action.

Because the only justification offered by the parties to seal the settlement amounts is the confidentiality clause in their agreement, National Casualty's motion, joined by Smithway Motor Xpress and Dean Beckler, must be denied.

## CONCLUSION

Smithway Motor Xpress and Dean Beckler's Motion to Join National Casualty's Motion, ECF No. 248, is GRANTED. National Casualty's Motion to Seal Confidential Settlement Amounts, ECF No. 247, is DENIED. The Clerk is directed to UNSEAL ECF Nos. 77, 80, 83, 87, 91, 95, 190, 191, 193, 194, 195, 211, 213, 214, 216, 219, 221, 223, 237, 238, 239, 245, and to STRIKE as duplicative ECF Nos. 101, 102, 103, 115, 180, 188, 189, 192, 209, 210, 212, 217, 218, 220, 222, 232, 234.

Entered this 9th day of May, 2014.

　　　　　　　　　　　　s/ Sara Darrow
　　　　　　　　　　　SARA DARROW
　　　　　　　　　UNITED STATES DISTRICT JUDGE