IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| NETHERLANDS INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JACK D. KNIGHT, et al. ) <br> ) <br> Defendant, ) <br> _____) <br> NATIONAL CASUALTY COMPANY, ) <br> ) <br> Defendant/Counter-Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NETHERLANDS INSURANCE COMPANY,) <br> et al., ) <br> Plaintiff/Counter-Defendant, ) <br> _____) <br> SMITHWAY MOTOR XPRESS, INC., and ) <br> DEAN L. BECKLER, ) <br> ) <br> Defendants/Counter-Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NETHERLANDS INSURANCE COMPANY,) <br> et al., ) <br> ) <br> Plaintiff/Counter-Defendant. ) <br> _____) <br> CONTINENTAL INSURANCE COMPANY, ) <br> ) <br> Defendant/Cross-Defendant ) <br> ) <br> v. ) <br> ) <br> NETHERLANDS INSURANCE COMPANY,) <br> et al., ) <br> ) <br> Plaintiff/Counter-Defendant, ) | Case No. 4:10-cv-04043-SLD-JEH |

|                                              |   |
|----------------------------------------------|---|
| **Defendant/Cross-Plaintiff,**               | ) |
|                                              | ) |
| **DISCOVER PROPERTY & CASUALTY COMPANY**     | ) |
|                                              | ) |
| **Third-Party Defendant**                    | ) |
|                                              | ) |
| v.                                           | ) |
|                                              | ) |
| **NATIONAL CASUALTY COMPANY,**               | ) |
|                                              | ) |
| **Defendant/Cross-Defendant.**               | ) |

## ORDER

This matter is now before the Court on Defendant/Counter-Plaintiff National Insurance Company ("National")'s Motion to Reconsider, ECF No. 249, Defendants/Counter-Plaintiffs Smithway Motor Xpress, Inc. ("SMX") and Dean L. Beckler ("Beckler")'s Motion for Reconsideration, ECF No. 251, and Third Party Defendant Discover Property & Casualty Insurance Company ("Discover")'s Motion for Reconsideration, ECF No. 253. National, SMX, Beckler, and Discover all move the Court to reconsider and revise its March 31, 2014 Order pursuant to Federal Rule of Civil Procedure 54(b). SMX and Beckler and Discover request oral argument on their motions.[1]

**I. STANDARD**

Federal Rule of Civil Procedure 54(b) states that an order adjudicating "fewer than all the claims or rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." The Court has the inherent power to reconsider non-final orders, as justice requires, before entry of judgment. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983)

---

[1] In accordance with Central District of Illinois Local Rule 7.1(A)(1)(d), the Court has determined that this matter can be decided without oral argument, and thus DENIES the parties' Request for Oral Argument.

("[E]very order short of a final decree is subject to reopening at the discretion of the district judge . . ."); *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 870 (7th Cir. 2007) ("[N]onfinal orders are generally modifiable. . . .").

Although the Court has the power to revise its interlocutory orders, "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). "A manifest error is not demonstrated by the disappointment of the losing party, instead it is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). Reconsideration is inappropriate "where a party seeks to raise arguments that could have been raised in the original briefing." *Wiegel v. Stork Craft Mfg., Inc.*, 891 F. Supp. 2d 941, 944 (N.D. Ill. 2012) (citing *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). However, a motion to reconsider may be appropriate if there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Because the standards for reconsideration are exacting, this Circuit has stressed that appropriate issues for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Id.* at 1191.

## II.  DISCUSSION

The parties do not allege any change in the controlling law or the facts. Instead, they premise their requested relief on the need to correct a clear error in this Court's judgment. The Court addresses each party's motion in turn.

### A. National's Motion to Reconsider

National first argues that the Court erred by not finding, in light of its unrebutted evidence, that the amount paid to release the underlying punitive damages claims was at least $2,000,000.00. National's Mem. in Supp. Mot. Reconsider, ECF No. 250 at 2–6. To that end, National claims that it demonstrated pursuant to Fed. R. Civ. P. 56(c)(2) that Netherlands' competing evidence on this issue was not admissible. *Id.* National insists that the Court incorrectly determined that SMX and Beckler's targeted tenders were invalid, *id*. at 6–10, and argues that the Court erroneously relied upon the unpublished Illinois Appellate Court opinion *Ingalls Memorial Hospital v. Executive Risk Indemnity, Inc.*, 2011 Ill. App. Unpub. LEXIS 1625 (Ill. App. Ct. 2011), *id*. at 10–13. Further, National believes that the Court misapprehended its equitable subrogation claim, stating that it "seeks to prosecute only the contractual claims that [SMX] and Beckler possess against Discover as additional insureds under the Discover policy" rather than prosecuting any claims against WWT. *Id.* at 13–14. National also argues that because no consideration was paid for Discover's release, the Settlement Agreement is not enforceable so as to destroy National's equitable subrogation rights against Discover. *Id.* at 14. National argues that it never conceded that it must be positioned as an excess insurer in order to properly maintain a reimbursement action. *Id*. at 14–15. Finally, because reimbursement is an equitable claim without such technical limitations, National argues that the Court should reconsider its order to the extent it dismissed this claim against Discover. *Id.* at 15.

Netherlands responds that National's motion asserts no new facts or law, nor does it demonstrate that the Court misapprehended National's arguments. Netherlands asserts that: (1) its evidence regarding the punitive damages issue was admissible whereas National's evidence was not; Netherlands' Resp. to National's Mot. Reconsideration, ECF No. 257 at 4–8; (2)

National merely reiterates the argument it previously made regarding targeted tenders; *id.* at 8–9; and (3) it was entirely appropriate for the Court to consider *Ingalls* for its persuasive reasoning. *Id.* at 9–11. Discover's Response mirrors that of Netherlands with respect to the punitive damages allocation issue and whether the Court properly cited *Ingalls*. Discover's Resp. to National's Mot. Reconsideration, ECF No. 259 at 4–7. Discover asserts that National's distinction relating to its equitable subrogation claim is meaningless and that consideration was paid for Discover's release. *Id.* at 7–9. Finally, Discover maintains that controlling precedent establishes only that an excess insurer may seek reimbursement from a primary insurer, not vice versa, and that National waived any reimbursement claim against Discover by failing to reserve its rights prior to partially funding the underlying settlement and entering into the Settlement Agreement and Release. *Id.* at 9–11.

> **i.  National's Theories Concerning the Allocation of Punitive Damages and Targeted Tenders**

National's arguments regarding how much of the settlement was allocated to punitive damages and the validity of SMX and Beckler's targeted tenders are simply attempts to restate the same theories previously made in its motion for summary judgment. The Court addressed these issues in detail in its summary judgment order, and will not duplicate its efforts here. *See* Order on Mots. Summ. J., ECF No. 245 at 14–19, 27–28. As indicated above, a motion for reconsideration is not an appropriate vehicle for relitigating arguments that the Court previously rejected. *See Caisse Nationale de Credit Agricole*, 90 F.3d at 1270. Moreover, National's objection to the Court's citation of *Ingalls* is unavailing. *See Osman v. Ford Motor Co.*, 833 N.E.2d 1011, 1016 (Ill. App. Ct. 2005) (holding that Illinois Supreme Court Rule 23(e) bars parties from citing unpublished Illinois appellate court opinions as authority but does not preclude parties from utilizing these decisions for their reasoning and logic.) While the Court

5

found *Ingalls*'s reasoning persuasive, it considered an array of authority in determining that National's Policy applied on a primary basis. National's request for reconsideration based on this objection is therefore inappropriate.

### ii. National's Theory of Equitable Subrogation

National's argument regarding its equitable subrogation claim is also unpersuasive. The Court previously concluded that National's subrogation claim was legally deficient because it failed to plead sufficient facts establishing Discover's liability to defend and indemnify SMX and Beckler and because National's equitable position as a primary insurer was inferior to Discover's equitable position as an excess insurer. *See* Order at 29–30. As indicated in this Court's summary judgment order, equitable subrogation is directly dependent on the insured's rights as a subrogor. Order at 29. Even if National's subrogation claim was not insufficient on the aforementioned bases, National cannot be the subrogee to SMX's rights against Discover because National's insured, SMX, dismissed its claims against Continental (notably, without objection). On February 21, 2014, the Court granted SMX, Beckler, and Continental's joint motion to withdraw SMX and Beckler's motion for summary judgment against Continental and to withdraw Continental's motion for summary judgment in its entirety. Pursuant to the Settlement Agreement and Release, Continental had only paid $750,000.00 of its $1,000,000.00 limit of liability. National cannot prosecute SMX's right to recover against Discover because SMX dismissed its counterclaim against Continental and because Discover's policy is implicated upon the exhaustion of Continental's limit of liability. National's motion to reconsider is denied on this basis.

### iii. National's Theory of Reimbursement

As indicated in the Court's summary judgment order, actions for reimbursement generally involve an excess insurer suing a primary insurer where both contracted with the same insured. Order at 31; (*citing Ill. Ins. Guar. Fund v. Liberty Mut. Ins. Co.*, 1 N.E.3d 956, 962 (Ill. App. Ct. 2013)). In *Home Insurance Company*, the Supreme Court of Illinois held,

> [A]n insurer by its conduct may waive rights against another insurer. Here, Home was presumed to know the contents of its own policy and that it was an excess insurer. Home claims that it did not know the contents of Cincinnati's policy and whether it also contained an excess clause. However, this should not have stopped Home from informing Cincinnati during the Fisher litigation that it would seek full reimbursement from Cincinnati if its policy did not contain an excess clause. The totality of Home's conduct was inconsistent with any claim that it would seek full reimbursement for the Fisher settlement from Cincinnati. Home accepted Allied's defense without a specific reservation of rights and without asserting that it was an excess insurer. Instead, it only asserted that it would share in the cost of Allied's defense and indemnity with Western on a 50-50 basis. Moreover, Home only sought $300,000 from Cincinnati at the time of the settlement, not the full amount. It also never asserted that it was an excess insurer at the time of settlement.

*Home Ins. Co. v. Cincinnati Ins. Co.*, 821 N.E.2d 269, 282–83 (Ill. 2004).

Here, National was presumed to know the contents of its policy (including its punitive damages exclusion), and National does not claim that it did not know the contents of Discover's policy. Moreover, the totality of National's conduct was inconsistent with any claim that it would seek reimbursement for the underlying settlement from Discover. In the Settlement Funding Agreement, National paid 5/7 of the underlying settlement pursuant to a reservation of rights that specifically provided that "the parties to this Settlement Funding Agreement desire to fund any settlement in the underlying action while retaining all claims asserted and that may be asserted against each other and against any other party in a declaratory judgment action styled Netherlands Insurance Company v. Knight, et al." *See* Settlement Funding Agreement, ECF No. 193-1 at 2. The Settlement Funding Agreement further provided that it was

7

> not intended to be an agreement as to the ultimate apportionment of such settlement among [Netherlands, Continental, and National], which apportionment is the issue being litigated in the declaratory judgment action. [Netherlands, Continental, and National] are litigating the priority of their respective coverages over and above [SMX's] self-insured retention. Nothing in this agreement prevents or restrains [Netherlands, Continental, and/or National] from asserting their respective positions and claims in the declaratory judgment action.

*Id.* That Settlement Funding Agreement was attached and incorporated by reference in the Settlement Agreement and Release. *See* Settlement Agreement and Release, ECF No. 193-2 at 4. The section wherein Beckler, SMX, WWT, MPC, and Illini PreCast released all claims against each other provided that the release "shall have no bearing on and shall not be construed as a release, waiver, or modification by any Released Party of any claim . . . set forth in [the instant declaratory judgment action] . . . ." *Id.* at 8. The Court construes all terms of the Settlement Funding Agreement and the Settlement Agreement Release according to the plain and ordinary meaning of their unambiguous terms. *See Auto-Owners Ins. Co., v. Munroe*, 614 F.3d 322, 324 (7th Cir 2010). Consequently, the Court concludes that at the time National entered into the Settlement Funding Agreement, National only asserted that it would share in the funding of the settlement while reserving its rights specifically as to Netherlands and Continental. Moreover, National consented to both Netherlands and Continental paying $750,000 of their respective $1,000,000 limits of liability. As the *Home Insurance Company* Court held,

> The failure of a paying insurer to reserve its rights against a nonpaying insurer may constitute a waiver of the right to equitable remedies. An insurer desiring to reserve its rights against a second insurer must make this position clear in its correspondence with the second insurer; it is also considered good practice to include such reservation language in any settlement agreement or order, then provide a copy of it to the nonsettling insurer.

*Home Ins. Co.*, 821 N.E.2d at 283. Because National has not demonstrated that it attempted to clarify its position with Discover and because neither the Settlement Funding Agreement nor the Settlement Agreement and Release contain such reservation language, the Court concludes that

the totality of National's conduct is inconsistent with any claim that it would seek reimbursement for the underlying settlement from Discover. Accordingly, National's Motion to Reconsider on its reimbursement theory is denied.

### B. SMX and Beckler's Motion for Reconsideration

SMX and Beckler argue that the Court made an error of law when it determined that their targeted tenders were invalid because of Netherlands' "other insurance" clause. SMX and Beckler argue the Court similarly erred when it rejected SMX and Beckler's targeted tenders because of their status as additional insureds on Netherlands' policy. Netherlands responds that SMX and Beckler had previously argued and the Court rejected that its coverage was primary to National's coverage because of Beckler's targeted tender. Netherlands believes the Court properly held that SMX and Beckler's targeted tenders were invalid because they qualified only as omnibus or coincidental insureds, and because they never paid a premium or bargained for coverage under Netherlands' policy.

As indicated above, a motion for reconsideration is not an appropriate vehicle for relitigating arguments that the Court previously rejected. *See Caisse Nationale de Credit Agricole*, 90 F.3d at 1270. SMX and Beckler's arguments on the targeted tender issue were extensively briefed and addressed by the Court. The Court is not persuaded that its reasons or conclusions were in error and therefore denies SMX and Beckler's Motion for Reconsideration.

### C. Discover's Motion for Reconsideration

Discover seeks reconsideration, contending that because there are no causes of action pending against it, final judgment should be entered in its favor. Alternatively, Discover asks the Court to enter final judgment in its favor pursuant to the Illinois horizontal exhaustion doctrine

because the combined limits of liability of National, Netherlands, and Continental are more than sufficient to cover the settlement of the underlying settlement.

Given the Court's rulings as outlined above, the Court concludes that it has fully disposed of all claims against Discover and that final judgment should be entered as to this party only. Accordingly, Discover's Motion for Reconsideration, ECF No. 253, is granted and the Clerk of Court is directed to terminate Discover from the case pursuant to Federal Rule of Civil Procedure 54(b).

## III. CONCLUSION

For the aforementioned reasons, National's Motion to Reconsider, ECF No. 249, is DENIED; SMX and Beckler's Motion for Reconsideration ECF No. 251, is DENIED; and Discover's Motion for Reconsideration, ECF No. 253, is GRANTED. The Clerk of Court is DIRECTED to terminate Discover from the case pursuant to Federal Rule of Civil Procedure 54(b).

Entered this 10th day of July 2014.

                _____/s/ Sara Darrow_____
                SARA DARROW
                UNITED STATES DISTRICT JUDGE